UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOSHUA BRADY,<br><br>                *Plaintiff*,<br><br>-*against*-<br><br>VERIZON WIRELESS (VAW) LLC,<br><br>                *Defendant*. | Case No.:<br><br>[Removal from the Circuit Court of the State of Wisconsin for the County of Milwaukee, Case No. 2022CV000379]<br><br>**DEFENDANT VERIZON WIRELESS SERVICES, LLC'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446**<br><br>[FEDERAL QUESTION JURISDICTION] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN:**

**PLEASE TAKE NOTICE THAT** Defendant Verizon Wireless Services, LLC (sued erroneously as "Verizon Wireless (VAW) LLC") ("Defendant"), hereby removes the action described below from the Circuit Court of the State of Wisconsin for the County of Milwaukee ("State Court"), to the United States District Court for the Eastern District of Wisconsin, pursuant to Sections 1331, 1441, and 1446 of Title 28 of the United States Code ("U.S.C."). As set forth more fully below, this case is timely and properly removed to this Court pursuant to 28 U.S.C. §1441 because Defendant has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. In support of this Notice of Removal, Defendant states as follows:

# I. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. SECTIONS 1331 AND 1441

1. United States district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. The general rule is that a case meets the "arising under" standard if it is apparent that federal law creates the plaintiff's cause of action from the face of the complaint. *See Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 27-28 (1983).

2. On or about January 19, 2022, Plaintiff Joshua Brady ("Plaintiff") filed the State Court Complaint, entitled *Joshua Brady v. Verizon Wireless (VAW) LLC* (Circuit Court of the State of Wisconsin for the County of Milwaukee, Case No. 2022CV000379) (the "Complaint"). The State Court Complaint also purports to be a putative class action. Defendant was personally served with the Summons and Complaint on January 24, 2022. The Complaint alleged claims for: (1) Fraudulent Issuance of Telephone; (2) Unlawful Debt Collection – Wis. Stat. §427.104(j); (3) Unlawful Oral Debt Collection – Wis. Stat. §427.104(h); (4) Unlawful Written Debt Collection – Wis. Stat. §427.104(h); (5) Unlawful Written Debt Collection – Wis. Stat. §427.104(j) Device Line #1; (6) Failure to Investigate Fraud Claim; (7) Failure to Properly Train Employees; (8) Violation of Sections 201 and 207 of the Federal Communications Act; and (9) Punitive Damages. In addition, the Complaint also alleges a violation of the Telephone Consumer Protections Act ("TCPA"). Complt., ¶ 112. A true and correct copy of the Summons and Complaint are attached hereto as **Exhibit A**, as required by 28 U.S.C. § 1446(a).

4. In the putative class action Complaint, Plaintiff alleges that Defendant issued a third party a cellular phone number that caused one of Plaintiff's cellular phone number to be disconnected. Thereafter, Plaintiff alleges that he contacted Defendant's fraud department and was able to reinstate his phone number, and further contends that Defendant informed him that

Case 2:22-cv-00187-BHL   Filed 02/14/22   Page 2 of 4   Document 1

2

no charges or fees would be added to Plaintiff's account. Yet, Plaintiff alleges that Defendant subsequently issued certain charges to his account, which Plaintiff now disputes. Plaintiff also complains that Defendant failed to open a fraud investigation to investigate his claims and failed to credit him $31.09. Based on these core factual contentions, Plaintiff asserts the above claims for relief against Defendant, including the alleged violations of the Federal Communications Act and the TCPA.

5. Because this action arises under federal law (the alleged violation of the Federal Communications Act and the TCPA), which can be ascertained from the face of Plaintiff's Complaint, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

6. On or about January 19, 2022, Plaintiff filed this action in the Circuit Court of the State of Wisconsin for the County of Milwaukee, Case No. 2022CV000379.

7. On January 24, 2022, Defendant was personally served with the Summons and Complaint. *See* **Exhibit A**.

8. In accordance with 28 U.S.C. § 1446(b), Defendant is filing this Notice of Removal within 30 days of receipt of the Complaint, allowing for the removal. The removal is, therefore, timely. *Madren v. Belden, Inc.*, No. 12-CV-20 01706-RMW, 2012 WL 2572040, at *2 (N.D. Cal. July 2, 2012), *citing Murphy Bros., Inc., v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 354 (1999) ("Formal service of process, measured from the service date according to state law, is a prerequisite for triggering the 30-day removal period because it 'assures defendants adequate time to decide whether to remove an action to federal court.'").

9. The Circuit Court of the State of Wisconsin for the County of Milwaukee is located within the United States District Court for the Eastern District of Wisconsin. *See* 28

U.S.C. § 84(c)(1). Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); Civ. LR 3-2.

10. In compliance with 28 U.S.C. §1446(d), Defendant will serve on Plaintiff and file with the Clerk of the Circuit Court a written notice of the filing of this Notice of Removal, with a copy of this Notice of Removal attached to the notice.

11. No previous application has been made for the relief requested herein.

WHEREFORE, Defendant respectfully removes this action from the Circuit Court of the State of Wisconsin for the County of Milwaukee to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

Dated: February 14, 2022

                STAFFORD ROSENBAUM LLP

                By <u>Electronically signed by Matthew V. Fisher</u>
                Matthew V. Fisher
                State Bar Number 1088968
                *Attorneys for Verizon Wireless Services, LLC (sued erroneously as "Verizon Wireless (VAW) LLC")*

1200 North Mayfair Road
Suite 430
Milwaukee, WI 53226-3282
mfisher@staffordlaw.com
414.982.2850