**STATE OF WISCONSIN**     **CIRCUIT COURT**     **MILWAUKEE**

**FILED**
**01-19-2022**
**John Barrett**
**Clerk of Circuit Court**
**2022CV000379**
**Honorable Carl Ashley-33**
**Branch 33**

Joshua Brady vs. Verizon Wireless (VAW) LLC

**Electronic Filing Notice**

Case No. 2022CV000379
Class Code: Money Judgment

VERIZON WIRELESS (VAW) LLC
ONE VERIZON WAY
BASKING RIDGE NJ 07920

Case number 2022CV000379 was electronically filed with/converted by the Milwaukee County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 5187cb**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 414-278-4120.

Milwaukee County Circuit Court
Date: January 20, 2022

GF-180(CCAP), 11/2020 Electronic Filing Notice    §801.18(5)(d), Wisconsin Statutes
This form shall not be modified. It may be supplemented with additional content.

Case 2:22-cv-00187-BHL   Filed 02/15/22   Page 1 of 27   Document 4

FILED
01-19-2022
John Barrett
Clerk of Circuit Court
2022CV000379
Honorable Carl Ashley-33
Branch 33

STATE OF WISCONSIN          CIRCUIT COURT          MILWAUKEE COUNTY

JOSHUA BRADY
839 N. JEFFERSON STREET
SUITE 200
MILWAUKEE, WI 53202

                    Plaintiff,

                                        **CASE NO.**

v.

VERIZON WIRELESS (VAW) LLC
ONE VERIZON WAY
BASKING RIDGE, NJ 07920

                    Defendant.

---

**SUMMONS**
Money Judgment: Case Code 30301
The amount claimed exceeds $10,000.00

---

THE STATE OF WISCONSIN,

To each person named above as a defendant:

     You are hereby notified that the plaintiff named above has filed
a lawsuit or other legal action against you.  The Complaint, which is
attached, states the nature and basis of the legal action.

     Within **20 days** of receiving this Summons, you must respond with
a written answer, as that term is used in Chapter 802 of the Wisconsin
Statutes, to the Complaint.  The Court may reject or disregard an
answer that does not follow the requirements of the statutes.  The
answer must be sent or delivered to the Court, which address is
Milwaukee County Courthouse, 901 N. 9th Street, Milwaukee, WI 53233,
**and** to Galanis, Pollack, Jacobs & Johnson, S.C., plaintiff's attorneys,
whose address is 839 North Jefferson Street, Suite 200, Milwaukee,
Wisconsin 53202.  You may have an attorney help or represent you.

If you do not provide a proper answer within **20 days**, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future and may also be enforced by garnishment or seizure of property.

DATED at Milwaukee, Wisconsin, on January 19, 2022.

GALANIS, POLLACK, JACOBS & JOHNSON, SC
Attorneys for Plaintiff

By _____
Joshua J. Brady
WI State Bar No. 1041428
Zachary L. Enstrom
State Bar No. 1102478

P. O. Address:
839 N. Jefferson Street
Suite 200
Milwaukee, WI 53202
Telephone:  (414) 271-9556

**FILED**
**01-19-2022**
**John Barrett**
**Clerk of Circuit Court**
**2022CV000379**
**Honorable Carl Ashley-33**
**Branch 33**

STATE OF WISCONSIN                 CIRCUIT COURT             MILWAUKEE COUNTY

JOSHUA BRADY
839 N. JEFFERSON STREET
SUITE 200
MILWAUKEE, WI 53202

                  Plaintiff,

                                 Case No.

      v.

VERIZON WIRELESS (VAW) LLC             JURY TRIAL DEMANDED
ONE VERIZON WAY
BASKING RIDGE, NJ 07920

                  Defendant.

---

**COMPLAINT**
Money Judgment: Case Code 30301
The amount claimed exceeds $10,000.00

---

NOW COMES the plaintiff, Joshua Brady ("Plaintiff"), by its attorneys, Galanis, Pollack, Jacobs & Johnson, S.C., and as for this claim against defendant, alleges and shows to the Court as follows:

1.    The plaintiff, is an individual resident of Wisconsin or D/B/A as Galanis, Pollack, Jacobs & Johnson has a primary address for billing purposes listed in the above caption.

2.    That plaintiff at all times relevant herein is a customer as defined in Wisconsin Statute §421.301(17).

3.    The defendant, Verizon Wireless (VAW), LLC (hereinafter "Defendant") is foreign limited liability company with principal offices and registered agent located at the addresses set forth in the above caption.

4.    That defendant at all times relevant herein is a merchant as defined in Wisconsin Statute §421.301(25).

**JURISDICTION AND VENUE**

5.    Pursuant to Wisconsin Statute §801.04(1), this Court has original subject matter jurisdiction over the State law claims asserted herein.

6.    Venue is proper in this Court pursuant to Wisconsin Statute §801.50, in that a substantial part of the events or omissions giving rise to the claims herein occurred in Milwaukee County in Wisconsin.

7.    Further, upon information and belief, defendant does substantial business in Milwaukee County.

**FACTUAL TIMELINE**

8.    That the plaintiff has three communications lines with the defendant, line#1 ending in 5665, line #2 ending in 2464, and line #3 ending in #4395.

9.    That the communication line #1 is the plaintiff's personal cellular phone line.

10.    That communication line #2 is the plaintiff's spouse's personal cellular phone line.

11.    That communication line #3 is the plaintiff's cellular watch line for data services.

12.    That the plaintiff individually pays each cellular invoice from personal earnings and utilizes the billing address of employer.

13.    That on or about January 31, 2019, the defendant issued an unknown third party a cellular phone in Texas, Brazoria County in Pearland City.

2

14.   That on or about January 31, 2019, the plaintiff's cellular phone services were terminated when the defendant was in Milwaukee, Wisconsin.

15.   That on or about January 31, 2019, the plaintiff contacted the defendant's fraud department and orally requested a fraud claim.

16.   That the cellular phone services were reinstated that same day by the fraud department.

17.   That on or about January 31, 2019, the defendant indicated to the plaintiff that no charges would be added to his account.

18.   That on or about January 31, 2019, the defendant indicated to the plaintiff that no fees would be added to his account.

19.   That the plaintiff's statement dated Feb. 3 – Mar. 02, 2019 indicates that $181.09 in Equipment Charges were charged to plaintiff for line#1.

20.   That the plaintiff's statement dated Feb. 3 – Mar. 02 , 2019 indicates that $150.00 credit balance was issued, and outlined a balance owed of $263.67.

21.   That on March 18, 2019, the plaintiff called the defendant to dispute the additional fees of $31.09 charged to the account as original amount charged was $181.09 and a credit of $150.00 was issued.

22.   That the defendant instructed the defendant to pay $229.41 as the proper monthly balance owed, therein subtracting $31.09 from the statement balance.

23.   Defendant further indicated that the $31.09 credit was forthcoming.

3

24.    That on March 18, 2019, the defendant paid $229.41 as instructed.

25.    That the defendant issued the plaintiff a statement on March 26, 2019 indicated a sum owed of $270.07, further indicating that the plaintiff failed to pay $34.26 from the previous statement.

26.    That the statement indicates a device payment 1 of 24 for line#1 of $18.74, although no new device was ever ordered by the Plaintiff. No new device was provided to the plaintiff by the defendant in 2019.

27.    That on May 1, 2019, the plaintiff contacted the defendant and requested a review of all previous account charges, requested that the overcharges be subtracted from the account, and an accurate total for the amount owed be issued.

28.    That on July 8, 2019, the plaintiff contacted the defendant and requested a review of all previous account charges, requested that the overcharges be subtracted from the account, an accurate total for the amount owed be issued and that device #1 be listed as paid in full.

29.    That on July 8,2019, the defendant indicated that a new fraud review would be opened and that he would be called back within 24 hours.

30.    That the defendant further indicated that no payments would be required until the fraud issue was resolved.

31.    The defendant failed to open a fraud investigation on January 31, 2019.

32.    That the defendant failed to open a fraud investigation on July 8, 2019.

33. That the defendant did not call the plaintiff to resolve any fraudulent transaction.

34. That on August 26, 2019, at 2:45 PM, the plaintiff contacted the defendant to obtain an update on the fraud review, reimbursement of fees charged, indication that line#1 was paid off, and confirmation that line#3 was paid off.

35. The defendant's employee named "Josh" called the plaintiff a "deadbeat", told him to pay his bills and hung up on him when asked to speak to a supervisor.

36. That on August 26, 2019, at 2:48 PM, the plaintiff contacted the defendant to obtain an update on the fraud review, reimbursement of fees charged, indication that line#1 was paid off, and confirmation that line#3 was paid off. The defendant told the plaintiff to "take the issue up with his congressman", accused the plaintiff of furthering the fraud himself, told the plaintiff that the only way to get the issue resolved would be to pay the bills. A request was transferred to the legal department, where the plaintiff was on hold for 6 minutes and then defendant terminated the call.

37. That on August 26, 2019, at 2:56 PM, the plaintiff contacted the defendant to obtain an update on the fraud review, reimbursement of fees charged, indication that line#1 was paid off, and confirmation that line#3 was paid off. The defendant told the plaintiff that he created another credit case, that the $34.68 credit was pending and that Verizon would issue the credit or it would be available upon the purchase of a new phone.

5

38.   Defendant instructed Plaintiff that the only way to complete a fraud investigation would be to pay the bill.

39.   Plaintiff paid the full outstanding invoice amount of $780.94 on August 26, 2019 at 3:50 PM.

40.   That on November 19, 2021, the plaintiff visited a Verizon store and purchased a new phone.

41.   That on November 19, 2021, Defendant completed two-factor authentication to identify Plaintiff for the phone purchase.

42.   That on November 19, 2021, Plaintiff was advised that no credit was available in the amount of for $31.09 as promised.

43.   That on November 19, 2021, Plaintiff was further told that no fraud investigation was ever opened.

44.   That on November 19, 2021, Defendant told Plaintiff that there was nothing that could be done about the phone charges for a phone never purchased by the plaintiff.

**FIRST CAUSE OF ACTION**
**FRAUDULENT ISSUANCE OF TELEPHONE**

45.   That all previous recitals are reasserted herein as if set-forth below.

46.   That the plaintiff did not purchase a cellular telephone in January of 2019.

47.   That the plaintiff did not authorize anyone to purchase a cellular telephone in January of 2019.

48.   That the plaintiff was physically in Milwaukee, Wisconsin when the defendant sold a telephone to a third party.

49.   That the defendant would have reason to know the plaintiff's location based upon access to cellular records.

50. That the defendant issued a cellular phone to someone other than the plaintiff.

51. That the defendant issued a cellular phone to a third party without verifying the identity of the purchaser.

52. That the defendant issued a cellular phone to a third party without completing two factor authentication.

53. That the defendant was complicit in perpetrating the fraudulent transaction.

54. That the defendant or an agent for the defendant completed actual fraud by selling a third party a cell phone and charging the plaintiff.

55. That the defendant charged the plaintiff for 24 installments of $18.74, for a total sum of $449.76 for a phone never purchased by the plaintiff.

56. That the defendant is liable to the plaintiff for compensatory damages and each illegal charge in a total amount to be determined by the court.

### SECOND CAUSE OF ACTION
### UNLAWFUL DEBT COLLECTION – WIS. STAT. §427.104(j)

57. That all previous recitals are reasserted herein as if set-forth below.

58. The defendant charged the plaintiff $181.09 for a cellular phone purchase that the plaintiff did not make.

59. That the defendant has failed to credit the plaintiff's account for the cellular phone purchased by someone other than the plaintiff.

60.    That the defendant has failed to reimburse the plaintiff for the cellular phone purchased by someone other than the plaintiff.

61.    That the defendant has charged the plaintiff an amount that they cannot charge in violation of Wisconsin Statute §427.104(1)(j) with knowledge that the right to collect that amount owed does not exist.

62.    That the defendant continues to charge the plaintiff for the device payment for a cellular phone that the plaintiff did not purchase.

63.    That due and prompt demand was made with the defendant's fraud department to reimburse the account.

64.    That from February 26, 2019 through January 26, 2021, the defendant illegally charged the plaintiff the incorrect amount owed in in violation of Wisconsin Statute §425.104(1)(j).

65.    That the defendant is liable to the plaintiff for $1,000.00 per statutory violation for charging the plaintiff amounts that they knew they did not have the right to charge.

### THIRD CAUSE OF ACTION
#### UNLAWFUL ORAL DEBT COLLECTION – WIS. STAT. §427.104(h)

66.    That all previous recitals are reasserted herein as if set-forth below.

67.    That on January 31, 2019, the defendant fraudulently misstated through the telephone communication with the plaintiff that the plaintiff would not be responsible for fees or costs pursuant to the fraudulent transaction.

68.    That on March 18, 2019, the defendant fraudulently misstated through the telephone communication with the plaintiff that the plaintiff did not need to pay the full amount owed.

69.    That on May 1, 2019, the defendant fraudulently misstated through the telephone communication with the plaintiff that the plaintiff did not need to pay the full amount owed in the previous invoice.

70.    That on July 8, 2019, the defendant fraudulently misstated through the telephone communication with the plaintiff that the investigation was on-going and that the plaintiff did not need to pay the full amount owed.

71.    That on July 8, 2019, the defendant fraudulently misstated through the telephone communication with the plaintiff that the investigation was on-going and that the plaintiff did not need to pay the full amount owed.

72.    That on August 26, 2019, the defendant fraudulently misstated through the telephone communication with the plaintiff was not entitled to a refund.

73.    That on August 26, 2019, the defendant fraudulently misstated through the telephone communication with the plaintiff, that the plaintiff needed to pay the bill in full in order for the fraud investigation to be completed.

74.    That on August 26, 2019, the defendant fraudulently misstated through the telephone communication with the plaintiff while attempting to collect a debt, that the plaintiff needed to contact their legislator in Wisconsin regarding taxes owed in Texas.

75.    That on November 19, 2021, the defendant fraudulently misstated to the plaintiff that the $31.09 credit was not available to the plaintiff.

9

76.    That the defendant is liable to the plaintiff for $1,000.00 per each violation for communication to the plaintiff which can reasonably be expected to threaten or harass a consumer in violation of Wis. Stat. §427.104(1)(h).

### FOURTH CAUSE OF ACTION
### UNLAWFUL WRITTEN DEBT COLLECTION – WIS. STAT. §427.104(h)

77.    That all previous recitals are reasserted herein as if set forth below.

78.    That the defendant has failed to credit the plaintiff's account for the cellular phone purchased by someone other than the plaintiff.

79.    That the defendant has failed to reimburse the plaintiff for the cellular phone purchased by someone other than the plaintiff.

80.    That the defendant has charged the plaintiff an amount that they cannot charge in violation of Wisconsin Statute §427.104(1)(h) with reasonable expectation that the consumer would be threatened or harassed to pay the full balance owed.

81.    That the defendant continues to charge the plaintiff for the device payment for a cellular phone that the plaintiff did not purchase.

82.    That due and prompt demand was made with the defendant's fraud department to reimburse the account.

83.    That from February 26, 2019 through January 26, 2021, the defendant illegally charged the plaintiff the incorrect amount owed in violation of Wisconsin Statute §425.104(1)(h).

84.    That the defendant is liable to the defendant for $1,000.00 per statutory violation for charging the plaintiff amounts that they knew they did not have the right to charge.

10

## FIFTH CAUSE OF ACTION
## UNLAWFUL WRITTEN DEBT COLLECTION – WIS. STAT. §427.104(j)
## DEVICE LINE #1

85.   That all previous recitals are reasserted herein as if set forth below.

86.   That the defendant reset the equipment charges owed by the plaintiff to the defendant without any new equipment being purchased.

87.   That the defendant continues to collect money from the plaintiff when the equipment device was paid off.

88.   That the defendant is liable to the plaintiff for all actual money paid on equipment that was already paid off.

89.   That the defendant is liable to the plaintiff all for statutory damages of $1,000.00 per violation pursuant to Wis. Stat. §427.104(1)(j) for demanding money on equipment that was already paid off.

## SIXTH CAUSE OF ACTION
## FAILURE TO INVESTIGATE FRAUD CLAIM

90.   That all previous recitals are reasserted herein as if set forth below.

91.   That plaintiff called to initiate a fraud investigation on three separate occasions.

92.   That the defendant conveyed on each occasion that a fraud investigation would be opened.

93.   That after inquiry, no fraud investigation was opened.

94.   That no fraud investigation results were ever provided to the plaintiff.

95.   That the defendant misrepresented their intention to open an investigation.

96.   That the defendant has a duty to protect the plaintiff's account from fraud.

97.   That the defendant breached the duty to protect plaintiff's account by authorizing fraud to take place at a location the defendant knew the plaintiff was not at.

98.   That the defendant failed to complete a modicum of inquiry into the assertions of fraud conveyed by the plaintiff.

99.   That the defendant furthered the fraud by their own inactivity.

100.  That the defendant is liable to the plaintiff for all costs reasonable for their failure to investigate, misrepresentation and furtherance of fraud in an amount to be determined by the court.

### SEVENTH CAUSE OF ACTION
### FAILURE TO PROPERLY TRAIN EMPLOYEES

101.  That all previous recitals are reasserted herein as if set forth below

102.  That the defendant has a duty to inquire as to the account holder's identity prior to issuing charges on an account.

103.  The defendant breached their duty of inquiry by authorizing a telephone purchase on an account by someone other than the account holder.

104.  That the defendant has a duty to train employees to prevent fraudulent activity.

105.  That the defendant did not adequately train employees to identify customers in order to prevent fraud.

106. That the defendant did not adequately train employees to 100% reverse charges that were fraudulently incurred.

107. That the defendant failed to train employees for two factor authentication as required.

108. That the defendant is liable to the plaintiff for all costs reasonable for their failure to train employees and furtherance of fraudulent activities in an amount to be determined by the court.

## EIGHTH CAUSE OF ACTION
### VIOLATION OF SECTIONS 201 AND 207 OF THE FEDERAL COMMUNICATIONS ACT

109. That all previous recitals are reasserted herein as if set forth below.

110. The defendant's actions at issue here constitute levying unreasonable charges, and engaging in unreasonable practices, under Section 201 of the Federal Communications Act, 47 U.S.C. 201 and 207.

111. The defendant has levied unreasonable charges, and engaged in unreasonable practices, to the plaintiff's harm and to the harm of members of public.

112. The defendant is liable to the plaintiff for all costs reasonable for their violation of the TCPA and DCA in an amount to be determined by the court.

## NINTH CAUSE OF ACTION
### PUNITIVE DAMAGES

113. That all previous recitals are reasserted herein as if set forth below.

114. The Defendant's systematic illegal charging the plaintiff the incorrect amounts, over an extended time frame, constitutes fraud, not

13

inadvertent error. Defendant has engaged in systematic pattern and practice of fraudulent overbilling.

115. Defendant has victimized other consumers by means of some or all of the same kind of systematic, overlapping, concurrent, and extended illegal billing as alleged above. Defendant's materially unfair, deceptive, and misleading acts or practices were aimed and did have a material negative impact on other customers.

## CLASS ACTION

116. That all previous recitals are reasserted herein as if set forth below.

117. Plaintiff brings this action behalf of himself and on behalf of all other persons similarly situated (hereinafter referred to as "the Proposed Class").

118. Plaintiff proposes the following Proposed Class definition, subject to amendment as appropriate:

> All Verizon Wireless (VAW) LLC customer's as defined in Wisconsin Statute §421.301(17), who have been illegally charged the incorrect amount in violation of Wisconsin Statute §425.104(1)(j); or suffered communication from the defendant which can reasonably be expected to threaten or harass a consumer in violation of Wis. Stat. §427.104(1)(h); or were charged unreasonable charges, or subject to the Defendant's unreasonable practices, under Section 201 of the Federal Communications Act, 47 U.S.C. 201 and 207, on or after January 31, 2019.

119. This Class Action Complaint seeks money damages and injunctive relief.

120. The joinder of all Class Members is impracticable due to the size and relative modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

14

121. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual Proposed Class members.

122. All Proposed Class members, are entitled to compensatory damages and statutory damages due to the Defendant's violations of Section 201 of the Federal Communications Act, 47 U.S.C. 201 and 207 and violations of the Wisconsin Consumer Act. Plaintiff asserts claims that are typical of each Proposed Class member. Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interest which are antagonistic to any member of the Class.

123. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state statutes, including claims under the Wisconsin Consumer Act and federal law.

124. A class action is a superior method for the fair and efficient adjudication of this controversy.

125. The defendant has acted on grounds generally applicable to the Class, thereby making declaratory relief with respect to the Class as a whole appropriate.

**TRIAL BY JURY**

126. Plaintiff is entitled to and hereby demands a trial by jury.

**REQUEST FOR RELIEF**

**WHEREFORE,** plaintiff demands judgment against the Defendant as follows:

(A.) On the first cause of action, awarding damages in such amount as necessary to compensate Plaintiff for all damages suffered by Plaintiff

15

as a result of Defendant's wrongdoing, plus pre-Judgment interest at the contractually set rate.

(B.)  On the second cause of action, statutory damages of $1,000.00 per violation pursuant to Wis. Stat. §427.104(1)(j); and

(C.)  On the third cause of action, statutory damages of $1,000.00 per violation pursuant to Wis. Stat. §427.104(1)(h); and

(D.)  On the fourth cause of action, statutory damages of $1,000.00 per violation pursuant to Wis. Stat. §427.104(1)(j); and

(E.)  On the fifth cause of action, statutory damages of $1,000.00 per violation pursuant to Wis. Stat. §427.104(1)(j); and

(F.)  On the sixth cause of action, recovering of all unreasonable charges billed by Defendant and paid by Plaintiff in such amount as necessary to compensate Plaintiffs for all damages suffered by Plaintiffs as a result of Defendant's wrongdoing; and

(G.)  On the seventh cause of action, recovering all unreasonable charges billed by Defendant and paid by Plaintiff in such amount as necessary to compensate Plaintiffs for all damages suffered by Plaintiffs as a result of Defendant's wrongdoing; and

(H.)  On the eighth cause of action, awarding compensatory damages in such amount as necessary to compensate Plaintiffs for all damages suffered by Plaintiffs as a result of Defendant's wrongdoing; and

(I.)  On the ninth cause of action, awarding compensatory damages in such amount as necessary to compensate Plaintiffs for all damages suffered by Plaintiffs as a result of Defendant's wrongdoing, plus punitive damages; and enjoining Defendant from engaging in any further such wrongdoing; and

(J.) That an order be entered certifying the Proposed Class and appointing Plaintiff and his counsel to represent the Proposed Class.

(K.) Granting such other relief as may be just, together with interest, costs and disbursements, including attorneys' fees.

Dated this 19th day of January, 2022.

GALANIS, POLLACK JACOBS & JOHNSON S.C.
Attorneys for Plaintiff

Joshua J. Brady
State Bar No. 1041428
Zachary L. Enstrom
State Bar No. 1102478

P.O. Address:
839 N. Jefferson St.
Suite 200
Milwaukee, WI  53202
(414)271-9556
jbrady@gpjlaw.com
zenstrom@gpjlaw.com

FILED
02-14-2022
Anna Hodges
Clerk of Circuit Court
2022CV000379

STATE OF WISCONSIN　CIRCUIT COURT　MILWAUKEE COUNTY

JOSHUA BRADY,

      *Plaintiff*,

    vs.　　　　　　　　　　　　　　　Case No. 22CV379

VERIZON WIRELESS (VAW) LLC,

    *Defendant.*

## NOTICE OF APPEARANCE

PLEASE TAKE NOTICE that Matthew V. Fisher of the law firm of Stafford Rosenbaum LLP has been retained by and appears for defendant Verizon Wireless (VAW) LLC in the above-entitled action, and demands copies of all pleadings be served upon him at the address set forth below.

Dated: February 14, 2022.

                         STAFFORD ROSENBAUM LLP

                         By <u>Electronically signed by Matthew V. Fisher</u>
                         Matthew V. Fisher
                         State Bar Number 1088968
                         *Attorneys for Verizon Wireless Services, LLC (sued*
                         *erroneously as "Verizon Wireless (VAW) LLC")*

1200 North Mayfair Road
Suite 430
Milwaukee, WI  53226-3282
mfisher@staffordlaw.com
414.982.2850

**FILED**
**02-14-2022**
**Anna Hodges**
**Clerk of Circuit Court**
**2022CV000379**

STATE OF WISCONSIN   CIRCUIT COURT   MILWAUKEE COUNTY

JOSHUA BRADY,

        *Plaintiff*,

      vs.                       Case No. 22CV379

VERIZON WIRELESS (VAW) LLC,

        *Defendant.*

## NOTICE OF NOTICE OF REMOVAL

TO:    Clerk of Court
        Milwaukee County Circuit Court
        901 N. 9th Street
        Milwaukee, WI 53233

        Joshua J. Brady
        Galanis, Pollack Jacobs & Johnson S.C.
        839 N. Jefferson St., Suite 200
        Milwaukee, WI 53202

**PLEASE TAKE NOTICE** that on February 14, 2022, Defendant Verizon Wireless Services, LLC (sued erroneously as "Verizon Wireless (VAW) LLC") ("Defendant"), removed this action to the United States District Court for the Eastern District of Wisconsin by filing the attached Notice of Removal with the Clerk of the District Court.

The Circuit Court of Milwaukee County, Wisconsin, may not proceed further unless and until the case is remanded. *See* 28 U.S.C. § 1446(d).

Dated:  February 14, 2022.                    STAFFORD ROSENBAUM LLP

                                              By  <u>Electronically signed by Matthew V. Fisher</u>
                                              Matthew V. Fisher
                                              State Bar Number 1088968
                                              *Attorneys for Verizon Wireless Services, LLC (sued*
                                              *erroneously as "Verizon Wireless (VAW) LLC")*

1200 North Mayfair Road
Suite 430
Milwaukee, WI  53226-3282
mfisher@staffordlaw.com
414.982.2850

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOSHUA BRADY,<br><br>*Plaintiff,*<br><br>-*against*-<br><br>VERIZON WIRELESS (VAW) LLC,<br><br>*Defendant.* | Case No.:<br><br>[Removal from the Circuit Court of the State of Wisconsin for the County of Milwaukee, Case No. 2022CV000379]<br><br>**DEFENDANT VERIZON WIRELESS SERVICES, LLC'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446**<br><br>[FEDERAL QUESTION JURISDICTION] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN:**

**PLEASE TAKE NOTICE THAT** Defendant Verizon Wireless Services, LLC (sued erroneously as "Verizon Wireless (VAW) LLC") ("Defendant"), hereby removes the action described below from the Circuit Court of the State of Wisconsin for the County of Milwaukee ("State Court"), to the United States District Court for the Eastern District of Wisconsin, pursuant to Sections 1331, 1441, and 1446 of Title 28 of the United States Code ("U.S.C."). As set forth more fully below, this case is timely and properly removed to this Court pursuant to 28 U.S.C. §1441 because Defendant has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. In support of this Notice of Removal, Defendant states as follows:

## I.     THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. SECTIONS 1331 AND 1441

1.     United States district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331. The general rule is that a case meets the "arising under" standard if it is apparent that federal law creates the plaintiff's cause of action from the face of the complaint.  *See Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 27-28 (1983).

2.     On or about January 19, 2022, Plaintiff Joshua Brady ("Plaintiff") filed the State Court Complaint, entitled *Joshua Brady v. Verizon Wireless (VAW) LLC* (Circuit Court of the State of Wisconsin for the County of Milwaukee, Case No. 2022CV000379) (the "Complaint"). The State Court Complaint also purports to be a putative class action.  Defendant was personally served with the Summons and Complaint on January 24, 2022.  The Complaint alleged claims for: (1) Fraudulent Issuance of Telephone; (2) Unlawful Debt Collection – Wis. Stat. §427.104(j); (3) Unlawful Oral Debt Collection – Wis. Stat. §427.104(h); (4) Unlawful Written Debt Collection – Wis. Stat. §427.104(h); (5) Unlawful Written Debt Collection – Wis. Stat. §427.104(j) Device Line #1; (6) Failure to Investigate Fraud Claim; (7) Failure to Properly Train Employees; (8) Violation of Sections 201 and 207 of the Federal Communications Act; and (9) Punitive Damages.  In addition, the Complaint also alleges a violation of the Telephone Consumer Protections Act ("TCPA").  Complt., ¶ 112.  A true and correct copy of the Summons and Complaint are attached hereto as **Exhibit A**, as required by 28 U.S.C. § 1446(a).

4.     In the putative class action Complaint, Plaintiff alleges that Defendant issued a third party a cellular phone number that caused one of Plaintiff's cellular phone number to be disconnected.  Thereafter, Plaintiff alleges that he contacted Defendant's fraud department and was able to reinstate his phone number, and further contends that Defendant informed him that

no charges or fees would be added to Plaintiff's account. Yet, Plaintiff alleges that Defendant

subsequently issued certain charges to his account, which Plaintiff now disputes. Plaintiff also

complains that Defendant failed to open a fraud investigation to investigate his claims and failed

to credit him $31.09. Based on these core factual contentions, Plaintiff asserts the above claims

for relief against Defendant, including the alleged violations of the Federal Communications Act

and the TCPA.

5.      Because this action arises under federal law (the alleged violation of the Federal

Communications Act and the TCPA), which can be ascertained from the face of Plaintiff's

Complaint, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has

supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

## II.    <u>THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED</u>

6.      On or about January 19, 2022, Plaintiff filed this action in the Circuit Court of the

State of Wisconsin for the County of Milwaukee, Case No. 2022CV000379.

7.      On January 24, 2022, Defendant was personally served with the Summons and

Complaint. *See* **Exhibit A**.

8.      In accordance with 28 U.S.C. § 1446(b), Defendant is filing this Notice of

Removal within 30 days of receipt of the Complaint, allowing for the removal. The removal is,

therefore, timely. *Madren v. Belden, Inc*., No. 12-CV-20 01706-RMW, 2012 WL 2572040, at *2

(N.D. Cal. July 2, 2012), *citing Murphy Bros., Inc., v. Mitchetti Pipe Stringing, Inc.*, 526 U.S.

344, 347-48, 354 (1999) ("Formal service of process, measured from the service date according

to state law, is a prerequisite for triggering the 30-day removal period because it 'assures

defendants adequate time to decide whether to remove an action to federal court.'").

9.      The Circuit Court of the State of Wisconsin for the County of Milwaukee is

located within the United States District Court for the Eastern District of Wisconsin. *See* 28

U.S.C. § 84(c)(1). Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); Civ. LR 3-2.

10.     In compliance with 28 U.S.C. §1446(d), Defendant will serve on Plaintiff and file with the Clerk of the Circuit Court a written notice of the filing of this Notice of Removal, with a copy of this Notice of Removal attached to the notice.

11.     No previous application has been made for the relief requested herein.

WHEREFORE, Defendant respectfully removes this action from the Circuit Court of the State of Wisconsin for the County of Milwaukee to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

Dated: February 14, 2022

STAFFORD ROSENBAUM LLP

By  Electronically signed by Matthew V. Fisher
Matthew V. Fisher
State Bar Number 1088968
*Attorneys for Verizon Wireless Services, LLC (sued erroneously as "Verizon Wireless (VAW) LLC")*

1200 North Mayfair Road
Suite 430
Milwaukee, WI  53226-3282
mfisher@staffordlaw.com
414.982.2850